## CORNELIUS MILLER *vs.* WARREN SHAW.

One who is present at the commission of an assault and battery, without in any way encouraging or discouraging it, is not liable in damages therefor to the person assaulted Nor is it material that he is a selectman of the town in which the assault and battery were committed, and participated in a public meeting held a short time before, at which a committee was appointed to visit those suspected of being disloyal, in pursuance of which the plaintiff was visited by the committee, followed by a large crowd of persons by some of whom he was assaulted in the presence of the defendant, if it appears that at the meeting no violence was suggested or contemplated.

TORT for an assault and battery.

At the trial in the superior court, before *Vose*, J., it appeared that at a public meeting in Wales in May 1861 resolutions were adopted to "take such measures as shall suppress every word or act that shall have a tendency to countenance or in any manner encourage the disunion of our country;" and a committee was appointed "to visit those suspected of being disloyal." The defendant, who was one of the selectmen of the town, participated in these proceedings. The committee visited the plaintiff, a crowd following, and, upon his refusal to satisfy them of his loyalty, he was taken forcibly from his house, put upon a horse, driven through the streets, and subjected to various annoyances. The defendant testified that he was merely a spectator of these latter proceedings, and did not aid or encourage them in any manner.

The judge instructed the jury that if it formed no part of the purpose of those present and taking part in the meeting to inflict violence and rudeness upon any one, and no such purpose was contemplated or avowed or suggested at such meeting, a mere participation in the proceedings of the meeting would not make the defendant liable for any force or violence subsequently inflicted by other persons on the plaintiff, in consequence of his refusal to accede to the request of the meeting; but if it formed any part of the purpose or plan of those engaged in the meeting to commit any act of trespass or violence upon the property or persons of any who might refuse to accede to the wishes of

the meeting, and such purpose was known to the defendant, and the violence subsequently inflicted on the plaintiff was in pursuance of such purpose, then the defendant would be liable, though he did not actively participate in it; that in order to make the defendant liable in this action, the jury must be satisfied either that he actively and forcibly aided and participated in the violence and outrage done to the plaintiff, which was not claimed to be the fact upon the evidence, or that he was present at the commission of the acts of trespass, encouraging or exciting the same by words, gestures, looks or signs, or by countenancing and approving the same by some way or means, and that his being present without disapproving or opposing the violence was evidence from which, in connection with the other facts in the case, it was competent for them to infer that he assented thereto, lent to it his countenance and approval, and thereby aided and abetted it; that the burden of proof was upon the plaintiff to satisfy them that the defendant was thus present, aiding, encouraging or exciting the commission of the unlawful acts; that mere presence at the commission of the violence would not render the defendant liable; that if he was there as a mere spectator, without any unlawful intent, and doing no act to countenance or approve those engaged in it, he was not to be held liable on the ground that he was there as a looker on merely, and did not use active endeavors to prevent the commission of the unlawful acts; and that, although it was the duty of the defendant, as one of the selectmen, to suppress and disperse all riotous assemblies, and although he was liable to punishment by a penalty if he neglected so to do, yet he would not thereby be rendered liable, as a participator in the riotous proceedings, to any party injured, and that such neglect would not of itself make him liable in this action, although the jury might take the fact into consideration, with all the other facts and circumstances, upon the question whether he did in fact participate, or approve and acquiesce in the unlawful proceedings.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. Wells,* (*E. D. Beach* with him,) for the plaintiff.

*H. Morris*, for the defendant.

BIGELOW, C. J. The rule of law applicable to a case like the one at bar is fully stated in a recent decision of this court. *Brown* v. *Perkins*, 1 Allen, 89. Upon reconsideration, we see no occasion to change or modify the conclusions therein stated. The instructions to the jury in this case were in exact conformity with the principles there laid down, and were sufficiently full and accurate to guide the jury in the performance of their duty. That the defendant was not responsible in this suit for any neglect or omission to act in his capacity of selectman, is too clear to admit of a doubt. No averment concerning his official capacity is made in the declaration, nor is any breach of his official duty alleged ; but if such averments were made, he would not be amenable to the plaintiff for damages in this action.

*Exceptions overruled.*